David L. Mazaroli (DM-3929)
Attorney for Plaintiffs
11 Park Place – Suite 1214
New York, NY 10007-2801
Tel. (212)267-8480
Fax. (212)732-7352
e-mail: dlm@mazarolilaw.com

-----------------------------------------------------------------x
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

|  |  |
|---|---|
|  | : ECF CASE |
| INDEMNITY INSURANCE CO. OF NORTH AMERICA; GLAXOSMITHKLINE; | : 07 Civ. 5576 (PAC) |
| Plaintiffs, | : |
|  | **COMPLAINT** |
| - against - | : |
| LUFTHANSA CARGO A.G.; EXEL GMBH; EXEL LOGISTICS, INC.; EXEL GLOBAL LOGISTICS INC.; DHL GLOBAL FORWARDING; DANZAS AEI INTERCONTINENTAL; DHL GLOBAL FORWARDING UK LTD.; DHL LOGISTICS (UK) LTD.; DANZAS LTD.; AIR EXPRESS INTERNATIONAL, INC.; RADIX GROUP INTERNATIONAL DBA DHL GLOBAL FORWARDING; | : : |
| Defendants. | |

-----------------------------------------------------------------x

Plaintiffs, through their undersigned attorney, allege as follows for their complaint against defendants:

1.  Plaintiff Indemnity Insurance Company of North America is a corporation organized under the laws of, and with its principal place of business in, the State of Pennsylvania, and sues herein as the insurer of the shipment in suit.

2.      Plaintiff GlaxoSmithKline is a corporation organized under the laws of, and with its principal place of business in, one of the fifty states and sues herein as and for the purchaser, consignee, and owner of the shipment in suit.

3.      Defendants are believed to be corporations organized under the laws of, and with their principal places of business in, certain of the fifty states or foreign sovereigns.

4.      This Court has *in personam* jurisdiction over defendants, who conduct business in the State of New York and the United States as a whole as common carriers, forwarders, bailees, and warehouseman for hire, and the provision of services related thereto, including services pertaining to shipments to, from and through the State of New York.

## FIRST CAUSE OF ACTION

5.      Plaintiffs repeat and reallege the allegations in paragraphs 1 through 4 of this complaint.

6.      This Court has federal question subject matter jurisdiction pursuant to 28 USCA § 1331.  There is also pendent, ancillary and supplemental jurisdiction as to certain aspects of the claim in suit.

7.      This cause of action arises under a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, 49 Stat. 3000, T.S. No. 876 (1934) reprinted in note following 49 U.S.C. Sec. 1502 (the "Warsaw Convention"), and certain amendments thereto in effect in the country of origin and destination thereto at the time of shipment. Alternatively, this cause of action is governed by the Convention for Unification of Certain Rules for

International Carriage by Air, Done at Montreal on 28 May 1999, reprinted in S. Treaty Doc. No 106-45, 1999 WL 33292734 (2000) (entered into force Nov. 4, 2003) ("Montreal Convention").

8. This action involves damage and loss to a shipment of pharmaceuticals (Anti-B1 monoclonal anti-bodies) which moved from Frankfurt, Germany, to Washington, D.C., as described more fully in Lufthansa Cargo A.G. air waybill 020-4881-7436, Exel GmbH air waybill UXM01-092536, both dated on or about September 5, 2006, and others.

9. Said air waybills described the nature of the cargo and further disclosed *inter alia* that the shipment consisted of "TEMPERATURE SENSITIVE CARGO," "DO NOT DELAY" and "VERY IMPORTANT CARGO – MUST FLY AS BOOKED."

10. The loss and damage to the shipment in suit was the result of defendants' intentional misconduct and/or reckless misconduct in failing to provide agreed care, including but not limited to temperature-controlled care, during all stages of their custody of the shipment.

11. By reason of the aforesaid plaintiffs, and those on whose behalf they sue, have sustained damages in the amount of $1,500,000.00, no part of which has been paid although duly demanded.

12. Plaintiffs sue herein on their own behalf and as agents and trustees for and on behalf of anyone else who may now have or hereafter acquire an interest in this action.

3

**SECOND CAUSE OF ACTION**

13. Plaintiffs repeat and reallege the allegations set forth in paragraphs 1 through 6 and 8 through 12 of this complaint.

14. When the cargo was received into the care, custody and control of defendants, or entities acting on their behalf, the cargo was in good order and condition. However, defendants failed to make delivery of the cargo at the intended destination in the same order and condition. Instead, due to its exposure to non-conforming temperatures during defendants' custody, the subject pharmaceutical product was rendered unfit for intended usage.

15. Therefore, defendants, as common carriers, bailees, forwarders, and/or warehousemen-for-hire, are liable to plaintiffs for the claimed damage and loss to the cargo in suit.

**FOURTH CAUSE OF ACTION**

16. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 6, and 8 through 12 of this complaint.

17. At all material times defendants were aware of the nature of the cargo and the fact that it was temperature-sensitive and required special care during all periods of transportation, handling and storage.

18. At all material times defendants held themselves out to be specialized in the care and carriage of temperature-sensitive goods, including pharmaceutical products.

19. At all material times defendants charged supplemental and/or enhanced fees and freight rates for providing accessorial services such as temperature-controlled

care, handling and storage, including but not limited to a service described as "Cool/TD service."

20. In addition to services relating to air carriage of the cargo from Germany to the United States, for agreed consideration, including supplemental and enhanced fees, defendants contracted to provide such specialized temperature-controlled care, storage and handling for the shipment in suit.

21. The damage to the cargo in suit was caused in whole or in part by defendants' fundamental breaches of contract and their reckless failure to provide the agreed accessorial services relating to specialized temperature-controlled care, handling, and storage.

## FIFTH CAUSE OF ACTION

22. Plaintiffs repeat and reallege the allegations in paragraphs 1 through 6 and 8 through 12 of this complaint.

23. Defendants, or entities acting on their behalf, willfully, recklessly, or negligently and/or with gross negligence failed to exercise the degree of care in relation to the shipment which was reasonably required under the premises and/or willfully, recklessly or negligently and/or with gross negligence failed to provide adequate temperature and climate control measures for the shipment as were reasonably required under the premises.

24. The damage to the shipment was proximately caused by defendants' willful, reckless and/or negligent conduct.

WHEREFORE, plaintiffs respectfully demand judgment against defendants jointly and severally:

    (a)    for the sum of $1,500,000.00;

    (b)    for prejudgment interest at the rate of 9% per annum;

    (c)    for the costs and disbursements of this action;

    (d)    for such other and further relief as this Honorable Court deems proper and just.

Dated: New York, New York
       June 8, 2007

                            LAW OFFICES,
                            DAVID L. MAZAROLI

                            *s/David L. Mazaroli*

                            _____
                            David L. Mazaroli (DM 3929)
                            Attorney for Plaintiffs
                            11 Park Place - Suite 1214
                            New York, New York 10007
                            Tel.: (212)267-8480
                            Fax.: (212)732-7352
                            E-mail: dlm@mazarolilaw.com
                            File No.: 7G-1468