UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA; GLAXOSMITHKLINE,

                    Plaintiff(s),

     -against-

LUFTHANSA CARGO A.G.;
EXEL GMBH, EXEL LOGISTICS, INC.,
EXEL GLOBAL LOGISTICS INC.; DHL GLOBAL
FORWARDING; DANZAS AEI INTERCONTINENTAL;
DHL GLOBAL FORWARDING UK LTD; DHL
LOGISITCS (UK) LTD; DANZAS LTD; AIR EXPRESS
INTERNATIONAL, INC.; RADIX GROUP
INTERNATIONAL DBA DHL GLOBAL FORWARDING,

                    Defendant(s).
----------------------------------------------------------------X

**ANSWER OF
LUFTHANSA CARGO AG**

Docket No.: 07 CV 5576
(Crotty, J.)

      The defendant, Lufthansa Cargo AG, by the undersigned, as and for its answer to the Complaint of the plaintiffs herein, alleges:

      1.     Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in the paragraph(s) of the Complaint designated "1".

      2.     Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in the paragraph(s) of the Complaint designated "2".

      3.     Denies each and every allegation contained in the paragraph(s) of the Complaint designated "3" except admits that Lufthansa Cargo AG is a Foreign Corporation organized and

existing pursuant to the laws of the Federal Republic of Germany, with its principal place of business located within the Federal Republic of Germany.

4. Denies information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the Complaint concerning jurisdiction over the defendant except admits that the defendant is a direct foreign air carrier of persons, property and mail in international transportation as that term is defined in the Federal Aviation Act of 1958, as amended, 49 U.S.C. § 40101 et seq., and transacts business within and without the State of New York.

### *IN RESPONSE TO FIRST CAUSE OF ACTION*

5. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "5" with the same force and effect as if set forth herein at length.

6. Denies each and every allegation contained in the paragraph of the Complaint designated "6" except admits, upon information and belief, that this Court has federal question subject matter jurisdiction pursuant to Title 28 U.S.C. §1331.

7. Denies each and every allegation contained in the paragraph of the Complaint designated "7" except admits, upon information and belief, that plaintiffs' causes of action, if plaintiffs' have any, arise under a treaty of the United States, specifically, the Convention for the Unification of Certain Rules for International Carriage by Air done at Montreal on 28 May, 1999, (entered into force on November 4, 2003) reprinted in S. Treaty Doc. No. 106-45, 1999 WL 3329 2734 (2000), (the "Montreal Convention").

8. Denies each and every allegation contained in the paragraph of the Complaint designated "8" except admits that on or about September 5, 2006 at Frankfurt, Germany, Lufthansa Cargo, AG air waybill No. 020-4881 7436 and Exel GmbH air waybill No. UXM01 092536 were

issued with respect to one piece of freight, said to contain, pharmaceuticals, the true content and condition of which was unknown to this defendant for transportation between Germany and the United States.

9. Denies, upon information and belief, each and every allegation contained in the paragraph of the Complaint designated "9" and respectfully refers the Court to the air way bills for the terms and conditions thereof.

10. Denies each and every allegation contained in the paragraph of the Complaint designated "10".

11. Denies each and every allegation contained in the paragraph of the Complaint designated "11".

12. Denies each and every allegation contained in the paragraph of the Complaint designated "12" and respectfully refers all questions and conclusions of law to the Court.

### IN RESPONSE TO THE SECOND CAUSE OF ACTION

13. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "13" with the same force and effect as if set forth herein at length.

14. Denies each and every allegation contained in the paragraph of the Complaint designated "14".

15. Denies each and every allegation contained in the paragraph of the Complaint designated "15".

## IN RESPONSE TO THE FOURTH CAUSE OF ACTION

16. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "16" with the same force and effect as if set forth herein at length.

17. Denies having any knowledge or information thereof sufficient to form a belief as to the truth of each and every allegation contained in the paragraph of the Complaint therein designated "17".

18. Denies each and every allegation contained in the paragraph of the Complaint designated "18".

19. Denies each and every allegation contained in the paragraph of the Complaint designated "19".

20. Denies each and every allegation contained in the paragraph of the Complaint designated "20".

21. Denies each and every allegation contained in the paragraph of the Complaint designated "21".

## IN RESPONSE TO THE FIFTH CAUSE OF ACTION

22. Repeats and reiterates each and every one of the foregoing admissions and denials made in response to the paragraphs of the Complaint referred to in the paragraph designated "22" with the same force and effect as if set forth herein at length.

23. Denies each and every allegation contained in the paragraph of the Complaint designated "23".

24. Denies each and every allegation contained in the paragraph of the Complaint designated "24".

### AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

25. The rights, duties and obligations of the parties herein are governed and controlled by the terms and provisions of the Montreal Convention, the conditions of contract contained in the air waybill and applicable International Cargo Rules Tariffs, all of which are incorporated into and established the contract of carriage between the parties.

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

26. By reason of the provision of the contract of carriage, the liability of this defendant, if any, is limited to the sum of 17 Special Drawing Rights International Monetary Fund ("SDRs") per kilogram of freight lost, damage, destroyed or delayed.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

27. Upon information and belief, the freight at issue herein was properly transported by this defendant in accordance with the terms and provisions of the contract of carriage, was delivered at destination to the entity and/or person entitled thereto in the same order and condition as received, without exception, and by reason thereof this defendant has no liability to the plaintiff's herein.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

28. Pursuant to the provisions of the contract of carriage this action may not be maintained against this defendant by reason of the fact that plaintiffs lack standing to prosecute this action.

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

29. Pursuant to the contract of carriage, this defendant has no liability to the plaintiffs herein upon the grounds that no loss, damage or delay occurred during the transportation by air.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

30. Upon information and belief, all or part of the damages allegedly sustained by the plaintiffs were caused solely by plaintiffs' culpable conduct, through their negligence and careless acts or omissions and their damages, if any, should be diminished in accordance with the degree of culpability and fault attributable to them in accordance with the contract of carriage.

### AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

31. The liability, if any, of this defendant is restricted to and limited by the terms and provisions of the Montreal Convention pursuant to the contract of carriage.

### AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

32. Pursuant to the provisions of the contract of carriage, this defendant can have no liability to the plaintiffs herein upon the grounds that the required notice of claim was not served within the time prescribed upon it.

### AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

33. Upon information and belief, the defendant is not responsible for any damages allegedly sustained by reason of the fact that such damages, if any, resulted exclusively from an act of god or by the operation of such other forces of nature which were uncontrolled and/or uninfluenced by the power of man and without human intervention and was of such a character that it could not have been prevented or avoided by any amount of foresight or prudence or by any reasonable degree of care or diligence on the part of this defendant.

### AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

34. Upon information and belief, the liability, if any, of this defendant is limited in accordance with the provisions of article 16 of the Civil Practice Law and Rules of the State of New York.

## AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

35. Upon information and belief, the plaintiffs assumed the risk of the damages allegedly sustained by them, if any.

## AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

36. Pursuant to the provisions of the contract of carriage, this defendant is not liable for any consequential of damages or losses allegedly sustained by any party in interest herein.

## AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

37. Upon information and belief, the state law claims interposed by the plaintiff herein and all damages allegedly sustained arise in connection with International Air Transportation and are, therefore, preempted by United States Treaty, specifically, by the terms and provisions of the Montreal Convention.

## AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

38. Upon information and belief, any past or future costs, expenses or damages incurred or which will be incurred by the plaintiffs as alleged in the Complaint, have been or will be, with reasonable certainty, replaced or indemnified in whole or in part from a collateral source as that term is defined in §4545(c) of the New York Civil Practice Law and Rules and by reason thereof, if any damages are recoverable against this defendant, the amount of any such damages must be diminished by the amount of the reimbursement or the indemnification which plaintiffs have or shall receive from such collateral source.

## AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

39. Upon information and belief, the Complaint fails to state a claim upon which relief may be granted against this defendant.

### AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

40. Upon information and belief, if plaintiffs sustained any damages as alleged in the Complaint or otherwise as may be shown, then in that event such damages were solely and proximately caused by the independent, intervening or superseding acts or omissions of other parties or persons for whose conduct this defendant is not liable or responsible.

### AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

41. Upon information and belief, the plaintiffs have failed to mitigate any and all of the damages allegedly sustained and by reason thereof this defendant is not responsible for any and all such damages plaintiff has failed to mitigate.

### AS AND FOR AN EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

42. That this defendant was not negligent and had taken all necessary measures to avoid any such alleged loss, damage or delay, or, alternatively, it was impossible for this defendant to take such measures or it could not avoid such alleged loss, damage or delay or it was unable to prevent same pursuant to the provisions of the contract of carriage and by reason thereof, this defendant could have no liability to the plaintiffs herein.

### AS AND FOR A NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

43. Upon information and belief the damages allegedly sustained by the plaintiff's herein were not proximately caused by any negligence, fault or other culpable conduct or omission of this defendant and by reason thereof, this defendant could have no liability to the plaintiffs herein.

### AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

44.  Upon information and belief the occurrence and alleged damages, if any, alleged in the Complaint resulted from an inherent defect, quality or vice of the cargo and by reason thereof this defendant can have no liability to the plaintiffs herein.

### AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

45.  Upon information and belief, the occurrence and the alleged damages, if any, alleged in the Complaint, resulted from defective packing of that cargo performed by a person other than the defendant or its servants or agents and by reason thereof, this defendant can have no liability to the plaintiffs herein.

### AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFFIRMATIVE DEFENSE

46.  Upon information and belief, the plaintiffs are barred from any recovery herein under any breach of contract claim by reason of lack of privity.

### AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

47.  Plaintiffs are barred by the equitable principles of waiver, estoppel or laches.

### AS AND FOR A TWENTY-FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

48.  If the goods were damaged as alleged in the Complaint, which defendant expressly denies, the damages were caused by or due to inefficiency of packaging or inadequacy of marks and/or instructions for which the defendant is not liable pursuant to the applicable provisions of the air waybill, tariffs, contracts of carriage and/or other documents or transport issued for carriage of the shipment and under the applicable provisions of any controlling statutes, conventions, and/or treaties.

### AS AND FOR A TWENTY-FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

49. Plaintiffs, upon information and belief, disposed of and/or destroyed the alleged damaged goods preventing the defendant timely and full access to such evidence which actions and/or inaction should properly result in the finding of spoliation of evidence by plaintiffs barring plaintiffs from prosecuting the instant claims.

### AS AND FOR A CROSS-CLAIM ON BEHALF OF LUFTHANSA CARGO AG AGAINST ALL CO-DEFENDANTS

50. If the plaintiff sustained the alleged damages as alleged in the Complaint and if it is determined that the defendant, Lufthansa Cargo AG is liable, all such liability being specifically denied, then, in the event that there is a verdict or judgment rendered in favor of the plaintiffs against Lufthansa Cargo AG, then the defendant, Lufthansa Cargo AG, is entitled to common law indemnification from the co-defendants concerning any judgment which may be rendered in favor of plaintiffs against the defendant Lufthansa Cargo AG based upon the culpable conduct of the co-defendants.

### AS AND FOR A SECOND CROSS-CLAIM ON BEHALF OF LUFTHANSA CARGO A.G. AGAINST ALL CO-DEFENDANTS

51. If plaintiffs sustained the damages as are alleged in the Complaint, and if it is determined that the defendant Lufthansa Cargo AG is liable to the plaintiffs, all such liability being specifically denied, then said damages resulted from the culpable conduct of the co-defendants. The defendant Lufthansa Cargo AG, is entitled to complete indemnification and/or contribution from the co-defendants based upon the percentages of fault of the co-defendants as determined by the Court or jury.

WHEREFORE, the Defendant, Lufthansa Cargo AG, demands judgment dismissing the Complaint or, alternatively, if the Complaint is not dismissed, that the defendant, Lufthansa Cargo AG, have judgment over and against the co-defendants for indemnification and/or contribution together with such other and further different relief as to this Court may seem just and proper.

Dated: Mineola, New York
        September 12, 2007

Yours, etc.,

GOLDBERG SEGALLA LLP

_____
William J. Fitzpatrick (wf 8213)
*Attorneys for Defendants*
*Lufthansa Cargo AG*
200 Old Country Road, Suite 210
Mineola, New York 11501
(516) 281-9800
GS File No.: 9903.pending

TO:

Law Offices of David L. Mazaroli
Attorney for Plaintiff(s)
11 Park Place – Ste. 1214
New York, New York 10007
212-267-8480

12719.1