UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDEMNITY INSURANCE CO. OF NORTH
AMERICA; GLAXOSMITHKLINE,

            Plaintiffs,

        -vs-

LUFTHANSA CARGO A.G.;                          07-CV-5576 (CROTTY)
EXEL GMBH; EXEL LOGISTICS, INC.;
EXEL GLOBAL LOGISTICS INC.;
DHL GLOBAL FORWARDING;
DANZAS AEI INTERCONTINENTAL;
DHL GLOBAL FORWARDING UK LTD.;
DHL LOGISTICS (UK) LTD.; DANZAS
LTD.; AIR EXPRESS INTERNATIONAL,
INC.; RADIX GROUP INTERNATIONAL
d/b/a DHL GLOBAL FORWARDING;

            Defendants.
_____/

**DEFENDANTS EXEL GMBH; EXEL LOGISTICS, INC.; EXEL GLOBAL LOGISTICS
INC.; DHL GLOBAL FORWARDING; DANZAS AEI INTERCONTINENTAL;
DHL GLOBAL FORWARDING UK LTD.; DHL LOGISTICS (UK) LTD.; DANZAS LTD.;
AIR EXPRESS INTERNATIONAL, INC.; and RADIX GROUP INTERNATIONAL
d/b/a DHL GLOBAL FORWARDING'S ANSWER AND AFFIRMATIVE
DEFENSES WITH CROSS-CLAIM**

Defendants EXEL GMBH; EXEL LOGISTICS, INC.; EXEL GLOBAL LOGISTICS

INC.; DHL GLOBAL FORWARDING; DANZAS AEI INTERCONTINENTAL; DHL

GLOBAL FORWARDING UK LTD.; DHL LOGISTICS (UK) LTD.; DANZAS LTD.; AIR

EXPRESS INTERNATIONAL, INC.; and RADIX GROUP INTERNATIONAL d/b/a DHL

GLOBAL FORWARDING (collectively "DHL") answer Plaintiffs' Complaint, by stating

upon information and belief as follows:

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiffs' Complaint such that they deny the same.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiffs' Complaint such that they deny the same.

3.      Admit that except as to DHL Global Forwarding and Danzas AEI Intercontinental which are mere trade names, the herein answering Defendants are business entities organized and existing under the laws of the United States or some foreign jurisdiction, but except as so specifically admitted deny the remaining allegations of Paragraph 3 of Plaintiffs' Complaint.

4.      Deny each and every allegation contained in Paragraph 4 of Plaintiffs' Complaint to the extent said allegations pertain to the herein answering defendants.

### FIRST CAUSE OF ACTION

5.      In response to the allegations set forth at Paragraph 5 of Plaintiffs' Complaint, the herein answering defendants re-assert each denial, denial of information and belief and admission as previously set forth herein.

6.      Admit this Court has federal question subject matter jurisdiction pursuant to 28 USCA § 1331 but except as so specifically admitted, deny each and every other allegation contained in paragraph 6 of the Plaintiffs' Complaint.

7.      Admit that to the extent any cause(s) of action exist (which is denied) said cause(s) of action is governed by the Convention for Unification of Certain Rules for International Carriage by Air, Done at Montreal on 28 May 1999 (entered into force Nov.

4, 2003) ("Montreal Convention"), but except as so specifically admitted deny each and every other allegation contained in Paragraph 7 of Plaintiffs' Complaint.

8.      Admit this action involves alleged damage and purported loss to a shipment said to contain pharmaceuticals (Anti-B1 monoclonal anti-bodies) which moved from Frankfurt, Germany, to Washington, D.C., as described more fully in Lufthansa Cargo A.G. air waybill 020-4811-7436 and Exel GmbH air waybill UXMO1-092536, both dated on or about September 5, 2006, but except as so specifically admitted deny each and every other allegation of Paragraph 8 of Plaintiffs' Complaint.

9.      Deny each and every allegation contained in Paragraph 9 of Plaintiffs' Complaint.

10.     Deny each and every allegation contained in Paragraph 10 of Plaintiffs' Complaint as they may pertain to them.

11.     Deny each and every allegation contained in Paragraph 11 of Plaintiffs' Complaint as they may pertain to them.

12.     Deny each and every allegation contained in Paragraph 12 of Plaintiffs' Complaint leaving questions of law to be decided by the Court.

## SECOND CAUSE OF ACTION

13.     The answering defendants re-assert each denial, denial of information and belief and admission as previously set forth herein.

14.     Deny each and every allegation contained in Paragraph 14 of Plaintiffs' Complaint as they may pertain to them.

15.     Deny each and every allegation contained in Paragraph 15 of Plaintiffs' Complaint as they may pertain to them.

## FOURTH CAUSE OF ACTION

16.    The answering defendants re-assert each denial, denial of information and belief and admission as previously set forth herein.

17.    Deny each and every allegation contained in Paragraph 17 of Plaintiffs' Complaint as they may pertain to them.

18.    Deny each and every allegation contained in Paragraph 18 of Plaintiffs' Complaint as they may pertain to them.

19.    Deny each and every allegation contained in Paragraph 19 of Plaintiffs' Complaint as they may pertain to them.

20.    Deny each and every allegation contained in Paragraph 20 of Plaintiffs' Complaint as they may pertain to them.

21.    Deny each and every allegation contained in Paragraph 21 of Plaintiffs' Complaint as they may pertain to them.

## FIFTH CAUSE OF ACTION

22.    The answering defendants re-assert each denial, denial of information and belief and admission as previously set forth herein.

23.    Deny each and every allegation contained in Paragraph 23 of Plaintiffs' Complaint as they may pertain to them.

24.    Deny each and every allegation contained in Paragraph 24 of Plaintiffs' Complaint as they may pertain to them.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

25.    The Court lacks subject matter jurisdiction over the asserted claims.

__

## SECOND AFFIRMATIVE DEFENSE

26.     The Complaint fails to state a cause of action and/or a cause of action upon which relief can be granted as against one or more of the herein answering defendants.

## THIRD AFFIRMATIVE DEFENSE

27.     The Court lacks personal jurisdiction over one or more of the herein answering defendants.

## FOURTH AFFIRMATIVE DEFENSE

28.     Plaintiffs have failed to perform the conditions precedent necessary for the maintenance of this action.

## FIFTH AFFIRMATIVE DEFENSE

29.     Plaintiffs have failed to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure.

## SIXTH AFFIRMATIVE DEFENSE

30.     Plaintiffs are not real parties in interest with regard to the shipment in suit.

## SEVENTH AFFIRMATIVE DEFENSE

31.     Plaintiffs lack standing to pursue the instant lawsuit.

## EIGHTH AFFIRMATIVE DEFENSE

32.     Plaintiffs have failed to mitigate their damages.

## NINTH AFFIRMATIVE DEFENSE

33.     If the good(s) identified in the Plaintiffs' Complaint suffered any damage, which DHL expressly denies, said damage was as a result of the actions or inactions of non-parties for which DHL is not responsible.

## TENTH AFFIRMATIVE DEFENSE

34.    Any damage to the good(s), which is expressly denied, was caused by, due to or contributed to by an act or omission of Plaintiffs and/or owner of the good(s) and/or co-defendant for which DHL is not liable pursuant to the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## ELEVENTH AFFIRMATIVE DEFENSE

35.    If the good(s) were damaged as alleged in the Complaint, which is expressly denied, the damage was caused by or due to defective packing by a person other than DHL or its servants or agents for which DHL is not liable pursuant to the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## TWELFTH AFFIRMATIVE DEFENSE

36.    The Court lacks personal jurisdiction over one or more of the herein answering defendants by reason of the insufficiency of service of process.

## THIRTEENTH AFFIRMATIVE DEFENSE

37.    If the good(s) suffered any damage, which is expressly denied, then such damage resulted from a cause arising without the actual fault and privity of DHL and without the fault or neglect of the agents or servants of DHL, and DHL is not liable pursuant to the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment

6

or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## FOURTEENTH AFFIRMATIVE DEFENSE

38.    Plaintiffs failed to give timely written notice of loss, and/or damage pursuant to the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## FIFTEENTH AFFIRMATIVE DEFENSE

39.    DHL has fully performed under any agreement or contract existing with Plaintiffs or otherwise fully performed under the applicable provisions of any controlling statutes, conventions and/or treaties

## SIXTEENTH AFFIRMATIVE DEFENSE

40.    DHL is entitled to all the benefits, protections, limitations and immunities contained in the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

41.    The maximum liability of DHL, if any, is specifically limited as agreed to in the provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport (including any applicable service guide) issued for carriage of

the shipment or under the applicable limitation provisions of any controlling statutes, conventions, agreements, and/or treaties.

## EIGHTEENTH AFFIRMATIVE DEFENSE

42.    Any loss and/or damage of the shipment, which is expressly denied, occurred when the good(s) were out of the care, custody or control of DHL.

## NINETEENTH AFFIRMATIVE DEFENSE

43.    This action should be dismissed for improper venue and under the doctrine of forum non conveniens.

## TWENTIETH AFFIRMATIVE DEFENSE

44.    This action should be dismissed for the failure of Plaintiffs to commence the action in the exclusive venue provision specifically agreed to or required under the aforementioned air waybills, tariffs, contracts of affreightment, other documents of transport, governing law or by applicable agreements existing between Plaintiffs and DHL.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

45.    DHL is not liable for indirect, incidental or consequential damages pursuant to the air waybills, tariffs, contracts of affreightment, and/or other documents of transport, governing law, or by applicable agreements existing between Plaintiffs and DHL.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

46.    All necessary measures were taken by DHL to avoid the alleged damage to the good(s) and to make all parts of the transit in which the good(s) passed, fit and safe for their reception, carriage and preservation.

8

## TWENTY-THIRD AFFIRMATIVE DEFENSE

47.     To the extent DHL is found liable, which liability is expressly denied, DHL's liability cannot exceed the shipper's declared value for carriage as stated in the applicable air waybill, tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment and, in the absence of such a declaration, DHL's liability cannot exceed the limitation specified in the aforementioned air waybills, tariffs, contracts of affreightment, other documents of transport, governing law or by applicable agreements existing between Plaintiffs and DHL.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

48.     Plaintiffs failed to properly comply with the laws, customs and other governmental regulations of the country of shipment such that DHL is not liable.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

49.     The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Convention for the Unification of Certain Rules Relating to International Carriage By Air Done At Montreal on May 28, 1999, as amended, and/or other legislation pertinent to this carriage.  If any loss and/or damage resulted to the goods, which is denied, it was due to a cause or causes for which DHL is not liable by virtue of said legislation pertinent to this carriage. DHL therefore claims exemption from, and/or the limitation of liability in accordance with the terms and conditions of said convention.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

50.     Upon information and belief, Plaintiffs' claims are barred by an agreed time-for-suit provision.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

51.    DHL is entitled to all the benefits and limitations afforded by any contract or agreement existing between DHL and Plaintiffs.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

52.    At all material times hereto, DHL acted as an agent for a disclosed principal for the purpose of facilitating the shipment.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

53.    DHL was diligent in selecting the parties performing transportation, or other services for Plaintiffs.

## THIRTIETH AFFIRMATIVE DEFENSE

54.    Any recovery herein by Plaintiffs must be diminished by the amount of any reimbursement or indemnification which Plaintiffs have or shall receive from a collateral source.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

55.    Plaintiffs are barred by the equitable principles of waiver, estoppel or laches.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

56.    The alleged damage (which is expressly denied) was caused by or contributed to by the consignor's failure to furnish such information and such documents as are necessary to meet the formalities of customs, police, and any other public authorities before the cargo could be delivered to the consignee, by reason of which DHL shall be wholly or partly exonerated from its liability, if any, to Plaintiffs as required by Article 16 of the Montreal Convention.

THIRTY-THIRD AFFIRMATIVE DEFENSE

57.    The alleged damage (which is expressly denied) was caused by or contributed to by an inherent defect, quality or vice of the cargo by reason of which DHL shall be wholly or partly exonerated from its liability, if any, to Plaintiffs as required by Article 18 of the Montreal Covention.

THIRTY-FOURTH AFFIRMATIVE DEFENSE

58.    The alleged damage (which is expressly denied) was caused by or contributed to an act of public authority carried out in connection with the entry, exit or transit of the cargo by reason of which DHL shall be wholly or partly exonerated from its liability, if any, to Plaintiffs as required by Article 18 of the Montreal Convention.

**AS AND FOR A CROSS-CLAIM AGAINST
DEFENDANT LUFTHANSA CARGO AG**

55.    Defendants EXEL GMBH; EXEL LOGISTICS, INC.; EXEL GLOBAL LOGISTICS INC.; DHL GLOBAL FORWARDING UK LTD.; DHL LOGISTICS (UK) LTD.; DANZAS LTD.; AIR EXPRESS INTERNATIONAL, INC.; and RADIX GROUP INTERNATIONAL d/b/a DHL GLOBAL FORWARDING (collectively "DHL") repeat and reallege each and every admission, denial and denial of knowledge or information hereinabove set forth, with the same force and effect as if herein repeated and set forth at length.

56.    That at all times hereinafter mentioned, Defendant, Lufthansa Cargo AG was in the business of transporting goods and passengers in international commerce by air for hire.

57.    In or about September, 2006, DHL undertook to arrange transportation of certain cargo said to contain medical products from Germany to the United States.  DHL

11

engaged Lufthansa Cargo AG to actually transport Plaintiffs' cargo, who in turn issued to DHL air contracts of air carriage which called for the transport of the Plaintiffs' cargo by Lufthansa Cargo AG from Germany to the United States.

58.    Pursuant to said air contracts of carriage and air waybills, Lufthansa Cargo AG received the cargo in Germany and undertook to transport said cargo on its airplanes to the United States.

59.    The said air contracts of carriage and air waybills contracted for were made pursuant to and in accordance with the provisions of the Convention For The Unification Of Certain Rules For International Carriage By Air Done At Montreal On May 28, 1999 ("Montreal Convention").   Lufthansa Cargo AG agreed and warranted to transport said goods from Germany to the United States in the same good order and condition as received, and to deliver the cargo in the same good order and condition at destination.

60.    As alleged by Plaintiffs, the claim for cargo loss and/or damage arose during the period of time when Lufthansa Cargo AG had possession, control and responsibility of the cargo while its contracts of carriage by air issued to DHL were in full force and effect.

61.    DHL vis-à-vis Lufthansa Cargo AG performed all of its obligations with respect to the cargo.

62.    If any losses or damages were sustained by Plaintiffs as alleged in the Complaint, which is specifically denied by DHL, said damages and losses were caused by or contributed to by the default, negligence, carelessness, omission, breach of duty, breach of contract and/or breach of warranty on the part of Lufthansa Cargo AG.

63.    If any liability shall be imposed against DHL, then DHL will be entitled to indemnity against Lufthansa Cargo AG, pursuant to the applicable contracts of carriage and airway bills and/or the applicable provisions of any controlling statutes, conventions and/or treaties, including indemnity for reasonable attorney's fees and costs.

64.    Additionally, if any liability shall be imposed against DHL, then DHL will be entitled to indemnity pursuant to contract and/or common law against Lufthansa Cargo AG including reasonable attorneys' fees and costs.

65.    In the alternative, and to the extent available by the applicable law, if any liability shall be imposed against DHL, then DHL is entitled to contribution from Lufthansa Cargo AG.

<u>DEMAND FOR JURY</u>

66.    DHL demands a jury trial as to those issues so triable by a jury.

**WHEREFORE**, the answering Defendants pray:

(a)    That judgment be entered in favor of the herein answering Defendants, and against Plaintiffs dismissing the Complaint together with costs and disbursements of this action;

(b)    That judgment be entered in favor of the herein answering Defendants on their Cross-Claim together with the costs and disbursements of this action including attorneys' fees plus interest; and

(c)    That the Court direct such other and further relief as it deems just and proper.

Dated:        September 17, 2007
              New York, New York

                          DEORCHIS, WIENER & PARTNERS, LLP
                          Attorneys for Defendants

                              /s/ John K. Fulweiler
                          By:_____
                              John K. Fulweiler, Esq. (JF-8471)
                              61 Broadway, 26th Floor
                              New York, New York  10006-2802
                              (212) 344-4700 - Tel.
                              (212) 422-5299 - Fax
                              jfulweiler@marinelex.com

To:    All appearing counsel

14