UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INDEMNITY INSURANCE CO. OF NORTH
AMERICA; GLAXOSMITHKLINE,

        Plaintiffs,

        -vs-

LUFTHANSA CARGO A.G.;
EXEL GMBH; EXEL LOGISTICS, INC.;
EXEL GLOBAL LOGISTICS INC.;          07-CV-5576 (CROTTY)
DHL GLOBAL FORWARDING;
DANZAS AEI INTERCONTINENTAL;
DHL GLOBAL FORWARDING UK LTD.;
DHL LOGISTICS (UK) LTD.; DANZAS
LTD.; AIR EXPRESS INTERNATIONAL,
INC.; RADIX GROUP INTERNATIONAL
d/b/a DHL GLOBAL FORWARDING;

        Defendants.

_____/

### DHL DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO LUFTHANSA CARGO AG'S CROSS-CLAIMS[1]

Defendants EXEL GMBH; EXEL LOGISTICS, INC.; EXEL GLOBAL LOGISTICS

INC.; DHL GLOBAL FORWARDING; DANZAS AEI INTERCONTINENTAL; DHL

GLOBAL FORWARDING UK LTD.; DHL LOGISTICS (UK) LTD.; DANZAS LTD.; AIR

EXPRESS INTERNATIONAL, INC.; and RADIX GROUP INTERNATIONAL d/b/a DHL

GLOBAL FORWARDING (collectively "DHL") answer Lufthansa Cargo AG's

Crossclaims [Dkt. 7] by stating upon information and belief as follows:

---

[1]     "DHL" refers to the named captioned Defendants: EXEL GMBH; EXEL LOGISTICS, INC.; EXEL GLOBAL LOGISTICS INC.; DHL GLOBAL FORWARDING; DANZAS AEI INTERCONTINENTAL; DHL GLOBAL FORWARDING UK LTD.; DHL LOGISTICS (UK) LTD.; DANZAS LTD.; AIR EXPRESS INTERNATIONAL, INC.; and RADIX GROUP INTERNATIONAL d/b/a DHL GLOBAL FORWARDING.

1.    Deny each and every allegation contained in Paragraph 50 of Lufthansa Cargo AG's Cross-Claims.

2.    Deny each and every allegation contained in Paragraph 51 of Lufthansa Cargo AG's Cross-claims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

25.    The Court lacks subject matter jurisdiction over the asserted Cross-claims.

### SECOND AFFIRMATIVE DEFENSE

26.    One or both of the Cross-claims fail to state a cause of action and/or a cause of action upon which relief can or should be granted as against one or more of the herein answering Defendants.

### THIRD AFFIRMATIVE DEFENSE

27.    The Court lacks personal jurisdiction over one or more of the herein answering defendants.

### FOURTH AFFIRMATIVE DEFENSE

28.    Cross-Plaintiff has failed to perform the conditions precedent necessary for the maintenance of this action.

### FIFTH AFFIRMATIVE DEFENSE

29.    Cross-Plaintiff has failed to mitigate its damages.

### SIXTH AFFIRMATIVE DEFENSE

30.    DHL is entitled to all the benefits and limitations afforded by any contract or agreement existing between DHL and Cross-Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

31.    Any alleged loss or damage (all of which is denied) arose from acts or omissions of Plaintiffs and/or Cross-Plaintiff for which DHL has no liability.

## EIGHTH AFFIRMATIVE DEFENSE

32.    Plaintiff and/or Cross-Plaintiff have failed to make a timely notice of claim and therefore, the instant action is barred as a matter of law and/or the actions are barred by the applicable statute of limitations period.

## NINTH AFFIRMATIVE DEFENSE

33.    If the good(s) identified in the Plaintiffs' Complaint suffered any damage, which DHL expressly denies, said damage was as a result of the actions or inactions of Cross-Plaintiff for which DHL is not responsible.

## TENTH AFFIRMATIVE DEFENSE

34.    Any damage to the good(s), which is expressly denied, was caused by, due to or contributed to by an act or omission of Plaintiffs and/or owner of the good(s) and/or co-defendant for which DHL is not liable pursuant to the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## ELEVENTH AFFIRMATIVE DEFENSE

35.    If the good(s) were damaged as alleged in the Complaint, which is expressly denied, the damage was caused by or due to insufficiency of packaging, or inadequacy of marks for which DHL is not liable pursuant to the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport

issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## TWELFTH AFFIRMATIVE DEFENSE

36.     The Court lacks personal jurisdiction over one or more of the herein answering Defendants by reason of the insufficiency of service of process.

## THIRTEENTH AFFIRMATIVE DEFENSE

37.     Plaintiff and Cross-Plaintiff failed to give a timely written and properly documented notice of loss and/or damages pursuant to the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## FOURTEENTH AFFIRMATIVE DEFENSE

38.     If the good(s) suffered any damage, which is expressly denied, then such damage resulted from a cause arising without the actual fault and privity of DHL and without the fault or neglect of the agents or servants of DHL, and DHL is not liable pursuant to the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment or under the applicable provisions of any controlling statutes, conventions and/or treaties.

## FIFTEENTH AFFIRMATIVE DEFENSE

39.     DHL is entitled to all the benefits, protections, limitations and immunities contained in the applicable provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment

or under the applicable provisions of any controlling statutes, conventions, agreement, and/or treaties.

## SIXTEENTH AFFIRMATIVE DEFENSE

40.    The maximum liability of DHL, if any, is specifically limited as agreed to in the provisions of the air waybill(s), tariffs, contacts of affreightment, and/or other documents of transport (including any applicable service guide) issued for carriage of the shipment or under the applicable limitation provisions of any controlling statutes, conventions, agreements, and/or treaties.

## SEVENTEENTH AFFIRMATIVE DEFENSE

41.    Any loss and/or damage of the shipment, which is expressly denied, occurred when the good(s) were out of the care, custody or control of DHL.

## EIGHTEENTH AFFIRMATIVE DEFENSE

42.    This action (including the Cross-claims) should be dismissed for improper venue and under the doctrine of forum non conveniens.

## NINETEENTH AFFIRMATIVE DEFENSE

43.    DHL is not liable for indirect, incidental or consequential damages pursuant to the air waybills, tariffs, contracts of affreightment, and/or other documents of transport, governing law, or by applicable agreements existing between Plaintiffs and DHL.

## TWENTIETH AFFIRMATIVE DEFENSE

44.    All necessary measures were taken by DHL to avoid the alleged damage to the good(s) and to make all parts of the transit in which the good(s) passed, fit and safe for their reception, carriage and preservation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

45.    To the extent DHL is found liable, which liability is expressly denied, DHL's liability cannot exceed the shipper's declared value for carriage as stated in the applicable air waybill, tariffs, contacts of affreightment, and/or other documents of transport issued for carriage of the shipment and, in the absence of such a declaration, DHL's liability cannot exceed the limitation specified in the aforementioned air waybills, tariffs, contracts of affreightment, other documents of transport, governing law or by applicable agreements existing between Plaintiffs and DHL and/or Cross-Plaintiff and DHL.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

46.    The shipment described in the Complaint was received, carried and delivered subject to the terms, conditions and exceptions of the Convention for the Unification of Certain Rules Relating to International Carriage By Air Done At Montreal on May 28, 1999, as amended, and/or other legislation pertinent to this carriage.  If any loss and/or damage resulted to the goods, which is denied, it was due to a cause or causes for which DHL is not liable by virtue of said legislation pertinent to this carriage. DHL therefore claims exemption from, and/or the limitation of liability in accordance with the terms and conditions of said convention.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

47.    At all material times hereto, DHL acted as an agent for a disclosed principal for the purpose of facilitating the shipment.

6

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

48.    At all material times hereto, DHL acted solely in the capacity of a freight-forwarder and/or logistics broker and did not extend its role beyond arranging for transportation into the functions of a common carrier such that it cannot be held liable for the damages claimed by Plaintiff.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

49.    DHL was diligent in selecting the parties performing transportation, or other services for Plaintiffs.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

50.    Any recovery herein by Plaintiffs must be diminished by the amount of any reimbursement or indemnification which Plaintiffs have or shall receive from a collateral source.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

51.    DHL adopts and incorporates herein those affirmative defenses set forth in its Answer to Plaintiffs' Complaint.

### DEMAND FOR JURY

52.    DHL demands a jury trial as to those issues so triable by a jury.

WHEREFORE, the answering Defendants pray that the herein Cross-claims be dismissed and that the Court direct such other and further relief as it deems just and proper.

Dated:      October 2, 2007
            New York, New York

DEORCHIS, WIENER & PARTNERS, LLP
Attorneys for Defendants

/s/ John K. Fulweiler
By:_____
John K. Fulweiler, Esq. (JF-8471)
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700 - Tel.
(212) 422-5299 - Fax
jfulweiler@marinelex.com

To:    All appearing counsel